UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
JOSEPH ROUSE,

                                Plaintiff,

          -against-

BROADWAY & COOPER LLC and ARMONDO'S
PIZZA, INC.,

                            Defendants.
----------------------------------------------------------------------x

**REPORT AND
RECOMMENDATION**

23-CV-7849
(Reyes, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

       Plaintiff Joseph Rouse commenced this action on October 20, 2023, against Defendant

Broadway & Cooper LLC and Defendant Armondo's Pizza, Inc., (collectively "Defendants")

pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12181, *et seq*. ("ADA")

after allegedly encountering structural barriers at the subject property, Armondo's Pizza, that

purportedly impeded Plaintiff's access to the restaurant in contravention of the ADA's

Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). *See generally* Dkt. No. 1.

       On April 1, 2024, Plaintiff filed a motion for default judgment. *See* Dkt. Nos. 15-16. On

April 2, 2024, the Honorable Ramon E. Reyes, United States District Judge, referred Plaintiff's

motion to the undersigned. *See* Referral Order dated April 2, 2024. For the reasons set forth

below, this Court respectfully recommends that Plaintiff's motion be **GRANTED in PART** and

**DENIED in PART**.[1]

---

[1] Daniel Chambers, a judicial intern and second-year law student at Brooklyn Law School, is gratefully
acknowledged for his assistance in the research and drafting of this Report and Recommendation.

I.    **Background**

A.    **Factual Allegations**

The following facts are taken from the Complaint, Plaintiff's motion, and the attachments filed in support of Plaintiff's motion; the facts are assumed to be true for the purposes of this motion. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (in light of defendant's default, a court is required to accept all of plaintiff's factual allegations as true and draw all reasonable inferences in plaintiff's favor); *see also BASF Corp. v. Original Fender Mender, Inc.*, No. 23-CV-2796 (HG) (JAM), 2023 WL 8853704 (E.D.N.Y. Dec. 22, 2023), *report and recommendation adopted*, Text Order (E.D.N.Y. Jan. 9, 2024) (same); *Doe v. Hyassat*, No. 18-CV-6110 (PGG) (OTW), 2024 WL 1955354 (S.D.N.Y. May 3, 2024) (same).

Plaintiff "is a qualified individual with disabilities under the [American With Disabilities Act ("ADA")], 42 U.S.C. § 12181, et seq." *Id*. at ¶ 2.  Plaintiff lives with paraplegia T8, following "an injury to his spine" in 2010, and uses a wheelchair to ambulate. *Id*.  Plaintiff currently resides in Brooklyn, New York. *Id*.

Defendant Broadway & Cooper LLC is a limited liability company which transacts business in New York. *Id*. at ¶ 3.  Broadway & Cooper LLC is the owner of the real property located at or about at 1717 Broadway, Brooklyn, New York 11207. *Id*.

Defendant Armondo's Pizza, Inc., is a corporation that "transacts business in the State of New York" and "is the lessee and operator of the business known as Armondo's Pizza, located at 1717 Broadway, Brooklyn, NY 11207." *Id*. at ¶ 4.

Plaintiff asserts that Armondo's Pizza "is a public accommodation and service establishment." *Id*. at ¶ 7.  According to his Complaint, Plaintiff visited and attempted to access Armondo's Pizza "initially on or around May of 2023, and for a second time on or around on

September 7, 2023." *Id.* at ¶ 9; *see also id.* at ¶ 5.  On both occasions, Plaintiff claims that he was unable to access the restaurant "without severe hardship, because of his disabilities, and the physical barriers to access and ADA violations that exist" at Armondo's Pizza.  *Id.* at 4.[2]  Plaintiff alleges that the "unlawful physical barriers, dangerous conditions and ADA violations" that exist at the subject restaurant include, but are not limited to: (1) "[i]naccessible entrance"; (2) "[a]ccessible route to establishment not provided as required"; (3) "[a]ccessible means of egress not provided as required"; (4) "[e]xisting step at entrance acts as a barrier to accessibility"; (5) "[r]equired ramp not provided for step at entrance"; (6) "[i]naccessible dining table"; (7) "[r]equired minimum knee and toe clearance not provided at dining table"; (8) "[n]on-compliant height dining counter exceeds maximum height allowance"; (9) "[r]equired minimum knee and toe clearance not provided at dining counter"; (10) "[p]ortion of dining counter required to be accessible not provided"; (11) "[i]naccessible self service shelf utilized to provide condiments and tableware"; and (12) "[n]on-compliant height of self-service shelf utilized to provide condiments and tableware exceeds maximum height allowance."[3]  *Id.* at ¶ 13.  These barriers to access, in turn, "restrict and/or limit his access to the goods and services" Armondo's Pizza offers to the public.  *Id.* at 4.

Plaintiff asserts that he "lives only several miles from the [Armondo's Pizza], passes by [Armondo's Pizza] at least once per week when he is doing errands, visiting family and friends throughout the borough, and looking to eat out."  *Id.* at ¶ 6.  Further, Armondo's Pizza is in a neighborhood where Plaintiff "dines out two to three times per month" and he has "dined at, and

---

[2] Pages referenced herein correspond with the ECF-generated document page numbers.  The Court also notes that page references are required here in light of the misnumbering of certain paragraphs referenced in the Complaint.

[3] The Complaint provides a detailed, non-exhaustive, list of alleged violations of the ADA's Accessibility Guidelines, 28 C.F.R. Part 36, at the subject restaurant.  *See* Dkt. No. 1, at ¶ 13-14.

in, nearly all of the neighboring restaurants surrounding [Armondo's Pizza]." *Id*. In his Complaint, Plaintiff "affirms that he would dine at the [Armondo's Pizza] and avail himself of the goods and services offered to the public, were it not for the structural barriers inhibiting his ability to enter" the restaurant. *Id*. Plaintiff alleges he "has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at [Armondo's Pizza]." *Id*. at ¶ 8.

As of October 20, 2023—the date this action was commenced—Defendants have not "remov[ed] architectural barriers as required by [the ADA]" and "continue to discriminate against [Plaintiff] and others with disabilities." *Id*. at ¶ 12. Plaintiff seeks a permanent injunction (1) "enjoining Defendants from continuing [its] discriminatory practices," (2) "ordering Defendants to remove the physical barriers to access and alter the Facility to make it readily accessible . . . to the extent required by the ADA", and (3) "closing [Armondo's Pizza] until the barriers are removed and requisite alterations are completed" along with reasonable attorney's fees, expert fees, costs, and litigation expenses. *Id.* at 9.

**B.    Procedural History**

Plaintiff filed the Complaint on October 20, 2023. Dkt. No. 1. On October 24, 2023, the Clerk of Court issued summonses for all Defendants. Dkt. No. 4. Plaintiff served Broadway & Cooper LLC on October 31, 2023. Dkt. No. 6. Plaintiff served Armondo's Pizza, Inc. on October 31, 2023. Dkt. No. 7. Defendants' answers were both due on November 21, 2023. Dkt Nos. 6-7. No answers or responses have been interposed by Defendants.

On December 19, 2023, Plaintiff requested a Certificate of Default from the Clerk of Court for each Defendant. Dkt Nos. 10-11. On December 28, 2023, the Clerk of Court entered a Certificate of Default noting that Defendants have "not filed an answer, or otherwise moved with

4

respect" to the action.  Dkt. Nos. 12-13.  On March 12, 2024, the undersigned ordered Plaintiff to move for default judgment on or before April 2, 2024.  *See* Electronic Order dated March 12, 2024.

On April 1, 2024, Plaintiff filed a Motion for Default Judgment (Dkt. No. 15) containing (1) a Notice of Motion (Dkt. No. 15-1); (2) Proposed Order Proposed Final Judgment (Dkt. No. 15-2);  (3) a copy of the Complaint (Dkt. No. 15-3); (4) the Clerk's Certificate of Default as to Defendant Broadway and Cooper LLC (Dkt. No. 15-4); and (5) the Clerk's Certificate of Default as to Defendant Armondo's Pizza, Inc. (Dkt. No. 15-5).

Plaintiff seeks default judgment requiring that Defendants "apply for, obtain, and cause the removal and remediation" of "barriers to access which exist in violation of Title III of the Americans with Disabilities Act 42 U.S.C. § 12181, *et seq*., within 90 days following the date of the Court's entry of this Final Default Judgment."  Dkt. No. 15-2.

On April 1, 2024, Plaintiff filed a Certificate of Service of the Motion for Default Judgment to Defendant Broadway & Cooper LLC at 543 Bedford Avenue Suite 103, Brooklyn, NY 11211, and Defendant Armondo's Pizza, Inc. at 1717 Broadway, Brooklyn, NY 11207.  *See* Dkt. No. 15 at 10.  On April 2, 2024, the Motion for Default Judgment was referred to the undersigned for a Report and Recommendation.  *See* Referral Order dated April 2, 2024.

## II.    Legal Standards

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment."  *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011).  At the first step, the Clerk of Court enters a party's default after an affidavit or other evidence shows that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a); *see Esquivel v. Lima Rest. Corp.*, No. 20-CV-2914 (ENV) (MMH), 2023 WL 6338666, at *3 (E.D.N.Y. Sept. 29, 2023)  ("[W]hen a party uses an affidavit or other

proof to show that a party has 'failed to plead or otherwise defend' against an action, the clerk shall enter a default." (citing Fed. R. Civ. P. 55(a)). "If a claim is for 'a sum certain or a sum that can be made certain by computation,' the clerk can enter judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(1)).

At the second step, and "[i]n all other cases, the party must apply to the court for a default judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(2)). To "enter or effectuate judgment," the Court is empowered to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

The Second Circuit "generally disfavor[s]" default judgment and has repeatedly expressed a "preference for resolving disputes on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Nevertheless, in evaluating a motion for default judgment, a court accepts as true the plaintiff's well-pleaded factual allegations—except those relating to damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974). The plaintiff bears the burden of alleging "specific facts," rather than "mere labels and conclusions" or a "formulaic recitation of the elements," so that a court may infer a defendant's liability. *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *3 (E.D.N.Y. Sept. 1, 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), *report and recommendation adopted*, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015)).

The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Esquivel*, 2023 WL 6338666, at *3 (quoting *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)). A court "possesses significant discretion" in granting a motion

6

for default judgment, "including [determining] whether the grounds for default are clearly established." *Chen v. Oceanica Chinese Rest., Inc.*, No. 13-CV-4623 (NGG) (PK), 2023 WL 2583856, at *7 (E.D.N.Y. Mar. 21, 2023) (quotations and citation omitted).  The Court may also "consider numerous factors, including whether plaintiff has been substantially prejudiced by the delay involved and whether the grounds for default are clearly established or in doubt." *Franco v. Ideal Mortg. Bankers, Ltd.*, No. 07-CV-3956 (JS) (AKT), 2010 WL 3780972, at *2 (E.D.N.Y. Aug. 23, 2010) (cleaned up), *report and recommendation adopted*, 2010 WL 3780984 (E.D.N.Y. Sept. 17, 2010).  "Courts have significant discretion in granting default judgments and consider the following factors: (1) whether the defendant's default was willful; (2) whether [the] defendant has a meritorious defense to [the] plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Canon U.S.A., Inc. v. Sysorex Gov't Servs., Inc.*, No. 23-CV-8001 (DLI) (LGD), 2024 WL 1914347, at *3 (E.D.N.Y. May 1, 2024) (internal citations omitted); *see also Enron Oil Corp.*, 10 F.3d at 96; *Franco*, 2010 WL 3780972, at *2 (listing factors).

III.    **Discussion**

   A.    **Jurisdiction and Venue**

The Court "must satisfy itself that it has subject matter and personal jurisdiction before rendering judgment against defendants."  *Dumolo v. Dumolo*, No. 17-CV-7294 (KAM) (CLP), 2019 WL 1367751, at *4 (E.D.N.Y. Mar. 26, 2019); *see Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 732 (2d Cir. 1980) ("A judgment entered against parties not subject to the personal jurisdiction of the rendering court is a nullity.").

i.    *Subject Matter Jurisdiction*

The Court has subject matter jurisdiction over Plaintiff's action.  Pursuant to 28 U.S.C.A. § 1331, district courts retain "original jurisdiction of all civil actions arising under the . . . laws . . . of the United States."  28 U.S.C. § 1331.

The Complaint alleges a violation of Title III of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et seq*.  *See* Dkt. No. 1 ¶ 1.  Nothing in the record suggests that Plaintiff's ADA claims are not colorable, immaterial, made solely for the purpose of obtaining jurisdiction, fully insubstantial, or frivolous.  *A&B Alt. Mktg. Inc. v. Intl. Quality Fruit Inc.*, 35 F.4th 913, 915 (2d Cir. 2022).  This action thus "arises under" federal law and gives the Court subject matter jurisdiction over the action.  *See, e.g.*, *Chavez v. 25 Jay St. LLC*, No. 20-CV-845 (AMD) (PK), 2021 WL 982865, at *3 (E.D.N.Y. Feb. 24, 2021), *report and recommendation adopted*, 2021 WL 980257 (E.D.N.Y. Mar. 16, 2021) ("The Court has original jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331") (citing 28 U.S.C. § 1331).

Accordingly, the Court has subject matter jurisdiction over Plaintiff's ADA claim.

ii.    *Standing*

"To establish [Article III] standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).  "[S]tanding is a threshold matter of justiciability, and if a plaintiff lacks standing to sue, the Court has no choice but to dismiss the plaintiff's claim for lack of subject-matter jurisdiction."  *Dunston v. Piotr & Lucyna LLC*, No. 21-CV-6402 (AMD) (SJB), 2023 WL 5806291, at *4 (E.D.N.Y. July 26, 2023), *report and recommendation adopted*, 2023 WL 5806253

(E.D.N.Y. Sept. 7, 2023) (citing *Tavarez v. Moo Organic Chocolates, LLC*, No. 21-CV-9816 (VEC), 2022 WL 3701508, at \*4 (S.D.N.Y. Aug. 26, 2022)).  "Like all subject matter issues, standing can be raised *sua sponte*."  *Dunston*, 2023 WL 5806291, at \*4 (quoting *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005)).

"In ADA cases, a broad view of constitutional standing is appropriate because private enforcement suits are the primary method of obtaining compliance with the Act."  *Hashimi v. Conandy Realty LLC*, No. 23-CV-2300 (LDH) (MMH), 2024 WL 1006833, at \*3 (E.D.N.Y. Mar. 8, 2024) (quoting *Adams v. 8618-8620 Third Ave. Realty Corp.*, No. 22-CV-05722 (FB) (RER), 2023 WL 5279355, at \*3 (E.D.N.Y. July 28, 2023), *report and recommendation adopted*, 2023 WL 5278483 (E.D.N.Y. Aug. 16, 2023)); *Brown v. Mermaid Plaza Assocs. LLC*, No. 13-CV-760 (AMD) (CLP), 2018 WL 2722454, at \*6 (E.D.N.Y. Mar. 8, 2018).  A plaintiff "need not personally encounter each ADA violation within the [property] in order to seek its removal," and "once a plaintiff establishes standing with respect to one barrier in a place of public accommodation, that plaintiff may bring ADA challenges with respect to all other barriers on the premises that affect the plaintiff's particular disability."  *Adams*, 2023 WL 5279355, at \*3 (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013)).

To establish standing under the ADA, the complaint must contain "(1) allegations of past injury under the ADA, (2) allegations supporting a reasonable inference of continued discriminatory treatment, and (3) allegations supporting a reasonable inference that a plaintiff plans to return to the subject location."  *Adams*, 2023 WL 5279355, at \*3 (quoting *Feltzin v. Stone Equities, LLC*, No. 16-CV-6457 (SJF) (AKT), 2018 WL 1115135, at \*9 (E.D.N.Y. Feb. 8, 2018), *report and recommendation adopted*, 2018 WL 1114682 (Feb. 26, 2018)).  "In the ADA context,

the concept of standing has been so eroded that it has been established even on threadbare allegations." *Chavez v. L2 Liu Inc.*, No. 20-CV-1388 (ENV) (LB), 2021 WL 1146561, at *4 (E.D.N.Y. Feb. 26, 2021), *report and recommendation adopted as modified*, 2021 WL 1146040 (E.D.N.Y. Mar. 25, 2021), *and supplemented*, 2021 WL 7368670 (E.D.N.Y. Apr. 12, 2021) (citing *Harty v. Simon Prop. Grp., L.P.*, 428 Fed. Appx. 69, 71 (2d Cir. 2011) (summary order) (finding that plaintiff's future undefined intention to return to a mall in the vicinity where his family lived established plausible intention to return)).

Plaintiff satisfies all three requirements to have standing under the ADA. First, Plaintiff alleges that in May 2023 and on or about September 7, 2023, he visited Armondo's Pizza but was unable to enter because of structural barriers. Dkt. No. 1 ¶ 5. He describes these structural barriers at Armondo's Pizza as including, including, *inter alia*, an inaccessible entrance, an inaccessible dining table, an inaccessible self-service shelf for condiments and tableware, and no accessible means of egress. *Id*. at ¶ 13. Plaintiff has therefore alleged an injury under the ADA due to Defendants' failure to make Armondo's Pizza accessible to him. *Adams*, 2023 WL 5279355, at *3 (where the court found similar allegations to constitute an alleged injury "under the ADA by Defendants' failure to make the Facility accessible"); *see Hashimi*, 2024 WL 1006833, at *4 (finding the first prong of the ADA standing test to have been met where complaint cited "specific ADA regulations and remedial measures").

Second, it is also reasonable to infer the discriminatory treatment will continue without court intervention because "the barriers were architectural in nature." *Adams*, 2023 WL 5279355 at *3; *see Hashimi v. CLMO, LLC*, No. 20-CV-1073 (DG) (RLM), 2021 WL 3478174, *4 (E.D.N.Y. July 19, 2021), *report and recommendation adopted*, 2021 WL 3472658 (E.D.N.Y.

Aug. 6, 2021) (finding the second standing requirement satisfied in light of "the number and nature of the barriers" alleged).

Third, Plaintiff alleges that there is a reasonable inference that he plans to return to the subject location. "[T]he focus of the third factor—i.e., intent to return based on past visits and proximity—is to ensure that 'the risk of harm is sufficiently imminent and substantial' to establish standing." *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74-75 (2d Cir. 2022) (quoting *TransUnion*, 141 S. Ct. at 2210). "In order to satisfy the third factor, it is not sufficient simply to plead the 'magic words' that the plaintiff 'intends to return'; rather, the plaintiff must plausibly allege 'a real and immediate threat of future injury.'" *Norman v. Three in One Equities, LLC*, No. 22-CV-3173 (JLR) (JLC), 2024 WL 488181, at *3 (S.D.N.Y. Feb. 8, 2024), *report and recommendation adopted*, 2024 WL 967175 (S.D.N.Y. Mar. 6, 2024) (citing *Calcano*, 36 F.4th at 74-75).

"Courts considering ADA claims have found that disabled plaintiffs who had encountered barriers at restaurants . . . prior to filing their complaints have standing to bring claims for injunctive relief if they show a plausible intention or desire to return to the place but for the barriers to access." *Hashimi*, 2024 WL 1006833, at *4 (citations omitted).

In *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013)), "the Second Circuit found that the plaintiff, who lived within several blocks of the defendant's diner, regularly passed by the diner, and often frequented other diners in the neighborhood, had satisfied that requirement." *Norman*, 2024 WL 488181, at *3 (citing *Kreisler*, 731 F.3d at 188). In contrast to *Kreisler*, the Second Circuit in *Calcano* held that the plaintiffs failed to demonstrate standing since the plaintiffs allegations—namely, that they resided "in close proximity" to the defendants' businesses, that they had been customers "on prior occasions," and that they "intend[ed] to

immediately purchase at least one store gift card" at the businesses once barriers to access had been removed as "threadbare assertions"—were "conclusory and [did] not raise a reasonable inference of injury." 36 F.4th at 76.

Here, Plaintiff alleges that he resides "only several miles" from Armondo's Pizza and passes by it at least once per week when he is, *inter alia*, "looking to eat out" and "visiting family and friends." Dkt. No. 1 ¶ 6. Plaintiff alleges that Armondo's Pizza is "in a neighborhood that Plaintiff dines out two to three times per month." *Id.* Plaintiffs adds that he has dined at, and in, nearly all of the neighboring restaurants surrounding Armondo's Pizza. *Id.* Further, Plaintiff dines at restaurants on the same street as Armondo's Pizza at least two or three times per month. *Id.*

As in *Kreisler*, Plaintiff's allegations therefore support a reasonable inference that Plaintiff plans to return to Armondo's Pizza. *See Kreisler*, 731 F.3d at 188; *Hashimi,* 2024 WL 1006833, at *4 (finding that the third factor was satisfied where the plaintiff alleges that he "lives approximately 3 miles from [the Property], [and] passes by the [the Property] at least once per week when running errands, visiting family and friends, and eating out in this locale"; "he dines out 'once or twice per week' in the restaurants neighboring the Property and approximately 'once or twice per month' at restaurants on the same street as the Property"; and that "he would dine at the Defendant's restaurant and avail himself of the [Property's] goods and services.") (internal citations omitted); *Adams*, 2023 WL 5279355, at *3 (finding the third standing requirement satisfied where Plaintiff "reside[d] less than six miles from the Facility, passes the Facility at least once per week, dine[d] in the neighborhood several times per month, and alleged that he plan[ned] to return to the Facility."); *cf. Dunston*, 2023 WL 5806291, at *5 ("Indeed, Dunston's allegations are bare and boilerplate in that she fails to include even the most basic information about the

Subject Property—for example, the type of business operated there, or the types of goods and services offered for purchase.").

Accordingly, the Court finds that Plaintiff has established standing.

### iii.   *Personal Jurisdiction*

"[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) (citation omitted); *see also BASF Corp.*, 2023 WL 8853704, at *5 ("A court may not enter default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process.") (internal quotations and citation omitted).

Here, the Court has personal jurisdiction over the Defendants.  First, the Court finds that Plaintiff properly served the Summons and Complaint on each Defendant.  Federal Rule of Civil Procedure 4(e)(1) permits a party to effect service in accordance with the rules of the state where the district is located or where service is made.  Fed. R. Civ. P. 4 (e)(1).

Plaintiff properly served Armondo's Pizza, Inc., a New York corporation, by delivering copies of the Summons and Complaint to the New York Secretary of State.[4]  *See* Dkt. No. 1; Dkt. No. 7; *see also* Fed. R. Civ. P. 4(h)(1)(A); N.Y. C.P.L.R. § 311(a)(1); N.Y. Bus. Corp. Law § 306(b)(1).  State law permits a party to effect service by delivering the summons and complaint to

---

[4] In the Complaint, Plaintiff alleges that "Armondo's Pizza, Inc.[] is a corporation and transacts business in the State of New York and within this judicial district."  Dkt. No 1 ¶ 4.  While the Plaintiff does not specifically allege that Armondo's Pizza, Inc. is a corporation formed under New York law, this Court takes judicial notice of the New York State Secretary of State's website, which indicates that Armondo's Pizza, Inc. is a domestic business corporation.  *See* N.Y. Dep't of State, Div. of Corps., Corporation & Business Entity Database Search, https://apps.dos.ny.gov/publicInquiry/ (last visited July 20, 2024); *see, e.g.*, *J & J Sports Prods., Inc. v. La Parranda Mexicana Bar & Restaurante Co.*, No. 17-CV-4171 (AMD) (SJB), 2018 WL 4378166, at *1 (E.D.N.Y. Apr. 9, 2018) ("The Court can and does take judicial notice of information from the New York Secretary of State's website.").

13

the New York Secretary of State as an agent of the corporation.  N.Y. Bus. Corp. Law § 306(b)(1).

Plaintiff also properly served Broadway & Cooper LLC, a New York limited liability company, by delivering copies of the Summons and Complaint to the New York Secretary of State.[5]  *See* Dkt. No. 1; Dkt. No. 6; *see also* Fed. R. Civ. P. 4(h)(1)(A); N.Y. C.P.L.R. § 311-a (a); N.Y. Limit. Liab. Co. L. § 303(a)(1).  New York law permits a party to effect service by delivering the summons and complaint to the New York Secretary of State as an agent of the company.  N.Y. Limit. Liab. Co. L. § 303(a)(1).  "[S]erving a summons . . . establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."  *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) (quoting Fed. R. Civ. P. 4(k)(1)(A)).

Second, New York State has general jurisdiction over its residents.  *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 622 n.1 (2d Cir. 2016).  Here, Broadway & Cooper LLC is a New York limited liability company.  *See* Dkt. No. 1 ¶ 4.  Defendant Armondo's Pizza, Inc. is also a New York corporation with its principal place of business in Brooklyn, New York.  *See id*.  Defendants share a place of business in Brooklyn, New York.  *See id.* at ¶¶ 3-4.  New York courts may exercise jurisdiction over corporations formed under its laws and operating within the state.  *See Francis v. Ideal Masonry, Inc.*, No. 16-CV-2839 (NGG)(PK), 2018 WL 4292171, at *3 (E.D.N.Y. Aug. 3, 2018), *report and recommendation adopted*, 2018 WL 4288625 (E.D.N.Y.

---

[5] In the Complaint, Plaintiff alleges that "Broadway & Cooper LLC, is a LLC and transacts business in the State of New York" and "is the owner of [] real property" in Brooklyn, New York.  Dkt. No 1 ¶ 4.  While the Plaintiff does not allege Broadway & Cooper LLC is a limited liability company formed under New York law, this Court takes judicial notice of the New York State Secretary of State's website, which indicates that Broadway & Cooper LLC, is a domestic limited liability company.  *See N.Y. Dep't of State, Div. of Corps., Corporation & Business Entity Database Search*, https://apps.dos.ny.gov/publicInquiry/ (last visited July 20, 2024).

Sept. 7, 2018) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014)); *see also* N.Y. C.P.L.R. § 301. Accordingly, Plaintiff satisfies the requirements for personal jurisdiction.

### iv.     *Venue*

"[A] civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Here, all Defendants reside in New York (Dkt. No. 1 ¶ 10) and venue is therefore proper in this district.

### B.     **Procedural Compliance**[6]

"A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules." *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Engineers, Loc. 15, 15A, 15C & 15D, AFL-CIO v. Allstate Mapping & Layout, LLC*, No. 22-CV-1831 (PKC) (TAM), 2023 WL 1475389, at *1 (E.D.N.Y. Feb. 2, 2023) (quoting *Century Surety Company v. Adweek*, No. 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018)). "[L]ocal rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution." *Fin. Servs. Vehicle Tr. v. Osmeña*, No. 22-CV-7491 (RPK) (CLP), 2023 WL 7000935, at *2 (E.D.N.Y. Aug. 15, 2023) (internal quotations and citation omitted).

### i.     *Entry of Default*

The Court next finds that the Clerk of Court properly issued a Certificate of Default as to Defendants Broadway & Cooper LLC and Armondo's Pizza, Inc. Each Defendant was served on

---

[6] The Local Rules of the United States District Court for the Southern and Eastern Districts of New York were updated on July 1, 2024. As set forth in Local Rule 1.1, "[t]hese Local Civil Rules take effect on July 1, 2024 [] and govern actions pending or filed on or after that date. For actions pending on the Effective Date, if fewer than 14 days remain to perform an action governed by these Rules, the provisions of the previous Local Rules effective on June 30, 2024 will govern." Thus, the previous Local Rules remain applicable here.

October 31, 2023.  Dkt. No. 6-7.  Both Defendants were required to answer, move, or otherwise respond to the Complaint by November 21, 2023.  Dkt. Nos. 6-7; Dkt. No. 12-13; *see also* Fed. R. Civ. P. 12(a)(1)(A)(i).  When the Defendants failed to do so, Plaintiff filed a request for an Entry of Default pursuant to Local Civil Rule 55.1.  Dkt. Nos. 10-11; L. Civ. R. 55.1.  The Clerk of Court entered default as to each Defendant on December 28, 2023.  Dkt. Nos. 12-13.

Accordingly, the Clerk's Entry of Default as to Defendants Broadway & Cooper LLC and Armondo's Pizza, Inc. was appropriate.

### ii.    *Local Civil Rule 7.1*

Local Civil Rule 7.1 requires that a plaintiff attach to a motion for default (1) a notice of motion specifying the applicable rules or statutes pursuant to which the motion is brought, (2) a memorandum of law setting forth the cases and other authorities relied upon in support of the motion, and (3) supporting affidavits and exhibits containing any factual information and portions of the record necessary for the decision of the motion.  *See* L. Civ. R. 7.1.  Plaintiff complied with the procedural requirement enshrined in Local Civil Rule 7.1 by filing a notice of motion (Dkt. No. 15-1), a memorandum of law (Dkt. No. 16), and affidavits (Dkt. No. 16 at 11) and exhibits in support of the motion (*see generally* Dkt. No. 15).

### iii.    *Local Civil Rule 55.2*

Additionally, Local Civil Rule 55.2(b) requires that a plaintiff attach to a motion for default judgment the Clerk's Certificate of Default, a copy of the complaint, and a proposed form of default judgment.  L. Civ. R. 55.2(b).  Local Civil Rule 55.2(c) also requires that all papers submitted in connection with a motion for a default judgment be mailed to the "last known business address" of non-individual defendants.  L. Civ. R. 55.2(c).

Plaintiff complied with the procedural requirement enshrined in Local Civil Rule 55.2 by attaching to their application for default judgment (1) the Clerk's Certificate of Default (Dkt. No. 15-4; Dkt. No. 15-5); (2) a copy of the complaint (Dkt. No. 15-3); and (3) a proposed form of default judgment (Dkt. No. 15-2).  Plaintiff also mailed all papers to Defendants' last known business address.  Dkt. No. 15 at 11; Dkt. No. 16 at 11.

In light of the above, the jurisdictional and procedural prerequisites to entry of a default judgment have been satisfied by Plaintiff.  Moreover, Defendants' failure to respond to the Complaint here was willful.  Notwithstanding the notice and service described above, Defendants did not respond to the Complaint, did not appear, and have not in any way attempted to defend this action, thus constituting willfulness in the context of default judgment.  *See, e.g., Sola Franchise Corp. v. Solo Salon Studios Inc.*, No. 14-CV-946 (JS) (AKT), 2015 WL 1299259, at *6 (E.D.N.Y. Mar. 23, 2015) ("Defendant has not responded to Plaintiffs' motion for default judgment, has not appeared in this action, and has not communicated with the Court in any way. Accordingly, Defendant's failure to answer the Complaint and to respond to the instant motion is sufficient to establish willfulness.").

The Court now turns to whether Plaintiff's factual allegations establish Defendants' liability as a matter of law.

## C.    Liability

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place or public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a); *Hashimi*, 2024 WL 1006833, at *4.

17

"To establish a *prima facie* case of disability discrimination based on a failure to accommodate, a plaintiff must demonstrate (1) that they have a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of that disability; (3) with reasonable accommodation, the plaintiff could perform the essential functions of the job at issue; and (4) the employer refused to make such accommodations." *Cayetano v. Fed. Express Corp.*, No. 19-CV-10619 (AT), 2022 WL 2467735, at *4 (S.D.N.Y. July 6, 2022) (citing *McBride v. BIC Consumer Prod. Mfg. Co.*, 583 F.3d 92, 97 (2d Cir. 2009)); *see also Adams*, 2023 WL 5279355, at *4; *Hashimi*, 2024 WL 1006833, at *4; *Gomez v. W. Shore Inn Rest., Inc.*, No. 22 CV 277 (EK) (CLP), 2023 WL 5337864, at *3 (E.D.N.Y. June 30, 2023), *report and recommendation adopted*, No. 22-CV-277(EK)(CLP), 2023 WL 5334415 (E.D.N.Y. Aug. 18, 2023).

### i.    *Disability*

Plaintiff has adequately alleged that he has a disability within the meaning of the ADA. The ADA defines a statutorily protected disability to include "a physical or mental impairment that substantially limits one or more major life activities of such individual."[7]   42 U.S.C. § 12102(1)(A).   Plaintiff alleges that he has been living with paraplegia since 2010 and requires a wheelchair to ambulate.   Dkt. No. 1 ¶ 2.   The ADA's definition of "major life activities include[s] . . . walking."   42 U.S.C. § 12102(2)(A); 29 C.F.R. 1630.2(i)(1)(i) (same).   Therefore, Plaintiff is a statutorily protected person with a disability because his paraplegia substantially limits the major life activity of walking.   *See* Dkt. No. 1 ¶ 2; *see also* 42 U.S.C. § 12102(1)(A)-(2)(A); *Volman v. Peri Peri 2 LLC*, No. 21-CV-4449 (RPK) (RER), 2022 WL 21842356, at *4 (E.D.N.Y. Aug. 16, 2022) ("Since Plaintiff is bound to ambulate in a wheelchair and suffers from medical conditions

---

[7]  The ADA provides three definitions for a statutorily protected disability: "[1] a physical or mental impairment that substantially limits one or more major life activities of [an] individual; [2] a record of such an impairment; or [3] being regarded as having such an impairment (as described in [42 U.S.C.A. § 12102(3)])." 42 U.S.C. § 12102(1).

that inhibit walking and restrict body motion, Plaintiff is clearly a disabled individual under the ADA.") (internal quotation marks omitted).

ii.   *Public Accommodation*

Plaintiff has adequately alleged that Defendants own, lease, or operate a place of public accommodation.  The ADA defines public accommodation to include "a restaurant, bar, or other establishment serving food or drink[.]"  42 U.S.C. § 12181(7)(B).  Plaintiff alleges that "Defendant, Broadway & Cooper LLC, is the owner of [Armondo's Pizza]" and that "Defendant, Armondo's Pizza, Inc., is the lessee and operator" of Armondo's Pizza.  Dkt. No. 1 ¶¶ 3-4.  Plaintiff adequately describes Armondo's Pizza as a "public accommodation," "restaurant," and "service establishment."  Dkt. No. 1 ¶¶ 5-7.  Accordingly, Armondo's Pizza is a public accommodation that Defendants own, lease, and operate.

iii.   *Discrimination*

Plaintiff has adequately alleged that he has been discriminated against within the meaning of the ADA.  The ADA defines discrimination to include "a failure to remove architectural barriers . . . that are structural in nature, in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).  The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense."  42 U.S.C. § 12181(9).  Further, "[a] plaintiff can establish discrimination in violation of the ADA by showing that the defendant violated the applicable accessibility standards set forth in the [ADAAG]."  *Hashimi*, 2024 WL 1006833 (quoting *Dunston v. Spice of India Inc.*, No. 20-CV-493 (PKC) (VMS), 2022 WL 994502, at *5 (E.D.N.Y. Feb. 14, 2022)); *Adams*, 2023 WL 5279355, at *4 (quoting *Hashimi*, 2021 WL 3478174 at *3); *Harti v. Spring Valley Marketplace LLC*, No. 15-CV-8190 (NSR), 2017 WL 108062, at *5.

19

Here, Plaintiff properly alleges that he had difficulty accessing Armondo's Pizza due to several physical barriers in violation of the guidelines set forth in the ADAAG, including steps at the front entrance that did not include a ramp, inaccessible dining tables and bar, and an inaccessible self-service shelf. Dkt. No. 1 ¶ 13 (citing, *e.g.*, ADAAG § 206 (Accessible Entrances), 207 (Accessible Means of Egress), 226 (Dining Surfaces and Work Surfaces), 402 (Accessible Routes), 403 (Walking Surfaces), & 902 (dining surfaces and work surfaces).

Plaintiff also alleges that "the removal of the physical barriers . . . is readily achievable and can be carried out without much difficulty or expense." Dkt. No. 1 ¶ 15; *see also Adams*, 2023 WL 5279355, at *4 (citing *Hashimi*, 2021 WL 3478174, at *3 (finding plaintiff established discrimination where complaint stated, and court accepted as true, that removal of architectural barriers was "readily achievable and would not impose an undue hardship on defendant").

Plaintiff has adequately alleged defendants' failure to remove multiple ADAAG architectural barriers and that "the removal of [those] physical barriers… can be accomplished and carried out without much difficulty or expense." Dkt. No. 1 ¶ 15; 42 U.S.C. § 12182(B)(2)(A)(iv); § 12181(9); 28 C.F.R. § 36.304. Therefore, because Defendants' default "constitutes a concession of all well-pleaded allegations concerning liability" *Chavez*, 2021 WL 982865, at *5, this Court respectfully recommends that Defendants be found liable, pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv), for violating of the ADA and therefore discriminating against Plaintiff.

### D.    Damages

#### i.    *Injunctive Relief*

"Title III of the ADA allows only for injunctive relief, not monetary damages." *Brown*, 2018 WL 2722454 at *5.[8] "[I]njunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2). "[T]he often-used method in this district for awarding injunctive relief in ADA cases is to require defendants to submit a compliance plan within a prescribed period of time." *Grinblat v. Apna Food & Oil Corp.*, No. 19-CV-6746 (EK)(LB), 2020 WL 7481508, at *6 (E.D.N.Y. Aug. 26, 2020), *report and recommendation adopted*, 2020 WL 7481327 (E.D.N.Y. Dec. 18, 2020).

Plaintiff seeks injunctive relief and requests that Defendants submit to "Plaintiff's counsel an architectural plan that remedies" the existing ADA violations at Armondo's Pizza within 90 days after the entry of default judgement.  Dkt. No. 16 at 9; *see also* Dkt. No. 1.  Plaintiff also seeks 30 days from receipt of Defendants' architectural plan to consent or to seek further relief from the Court.  *Id.*  Further, Plaintiff requests that Defendants make the necessary alterations within 60 days of Plaintiff's consent or any ruling on Plaintiff's request for further relief from the Court.  *Id.*  These requests for injunctive relief are reasonable because when a plaintiff demonstrates that a defendant has "violat[ed] [] sections 12182 (b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by [42 U.S.C.A. § Ch. 126, Subch. III]." 42 U.S.C. § 12188 (a)(2); *Adams*, 2023 WL 5279355, at *5 ("As Plaintiff's allegations are deemed true in light of Defendants' default, Defendants are liable pursuant to 42 U.S.C. §

---

[8] Plaintiff argues "that the NYSHRL provides for monetary compensation." Dkt. No. 15 at 4.  Nonetheless, Plaintiff does not seek monetary damages; rather he seeks injunctive relief. *Id.* at 9*; see also* Dkt. No. 15 at 4.

12182(b)(2)(A)(iv) and renovations to bring the Facility into compliance with the ADA are readily achievable.").

Plaintiff also requests that Armondo's Pizza be closed pending the completion of the necessary structural alterations. Dkt. No. 1 at 9; Dkt. No. 15 at 4; Dkt. No. 15-3 at 9. Such a request, however, is unreasonable. The duration of the necessary alterations is unknown and closing Armondo's Pizza could deprive Defendants of the financial resources needed to carry out the necessary structural alterations. *See Adams*, 2023 WL 5279355, at *5 ("this Court recommends that Plaintiff's request to close the Facility be denied because it is uncertain how long the remediation would take and closing the Facility in the interim would not necessarily advance Plaintiff's goal of making the premises accessible to people with disabilities") (citing *O'Rourke v. Drunken Chicken in NY Corp.*, No. 19-CV-3942 (NGG) (SMG), 2020 WL 4013187, at *4 (E.D.N.Y. July 16, 2020) (denying plaintiff's request to close a restaurant until barriers were remedied when they did not indicate how long modifications would take or why they could not be made while the restaurant remained open); *Taylor v. 312 Grand St. LLC*, No. 15-CV-5410 (BMC), 2016 WL 1122027, at *4 (E.D.N.Y. Mar. 22, 2016) (declining to close a bar while architectural barriers were remedied because "shutting down . . . [the] business is not going to get plaintiff or other disabled persons access")). Closing Armondo's Pizza is more likely to delay the removal of its barriers to access than to further Plaintiff's desire to see Armondo's Pizza accessible to people with disabilities, as closure would likely deprive Defendants of the funds necessary to implement the remediation. *See* Dkt. No. 15-3 at 8.

Accordingly, the Court respectfully recommends the issuance of an injunction which should require Defendants to submit an ADA-compliance plan. *See Hashimi*, 2024 WL 1006833, at *6 ("[T]he often-used method in this district for awarding injunctive relief in ADA cases is to

require defendants to submit a compliance plan with a prescribed period of time.") (quoting *Grinblat*, 2020 WL 7481508, at *6); *see also Dunston*, 2022 WL 994502, at *6).    The recommended injunction should: (1) enjoin Defendants from continuing its discriminatory practices; (2) require Defendants to prepare architectural plans remedying the violations described in the Complaint and to provide Plaintiff's counsel with those plans for review within 60 days of any order adopting this Report and Recommendation; (3) require Plaintiff to consent to or seek further relief from the Court regarding such plans within 30 days of receipt; and (4) require Defendants to complete the necessary alterations within 90 days after Plaintiff consents to the alterations or an order is granted on Plaintiff's request for further relief. *Id.* As noted above, however, this Court respectfully recommends denying Plaintiff's request to close Armondo's Pizza pending the completion of structural alterations.

  **ii.**  ***Attorneys' Fees and Costs***

   Plaintiff requests 180 days after the entry of a default judgment to make a motion to recover attorneys' fees and costs.  Dkt. No. 16 at 8.

   In an action to recover damages under the ADA, "the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." *Hashimi*, 2024 WL 1006833 (quoting 42 U.S.C. § 12205); *Norman v. Three in One Equities, LLC*, No. 22-CV-3173 (JLR) (JLC), 2024 WL 488181, at *7 (S.D.N.Y. Feb. 8, 2024), *report and recommendation adopted*, 2024 WL 967175 (S.D.N.Y. Mar. 6, 2024); *Shariff v. Beach 90th St. Realty Corp.*, No. 11-CV-2551 (ENV) (LB), 2013 WL 6835157, at *6 (E.D.N.Y. Dec. 20, 2013).

   Plaintiff's request to submit a motion for attorneys' fees and costs six months after an entry of a default judgment is reasonable here as the "courts in this district prefer to evaluate such motions after the attorney can demonstrate reasonable efforts to enforce the injunction." *Hashimi*,

2024 WL 1006833 at *6 (quoting *Adams*, 2023 WL 5279355, at *5); *Dunston*, 2022 WL 994502, at *6.  Accordingly, the Court respectfully recommends that Plaintiff be granted 180 days following the adoption of this Report and Recommendation to seek attorneys' fees and costs.

## IV.    <u>Conclusion</u>

In sum, the Court finds that Plaintiff sufficiently alleges Defendants' violations of the ADA.  Accordingly, the Court respectfully recommends that Plaintiff's Motion be **GRANTED in PART** as follows: (1) an injunction should be issued enjoining Defendants from continuing its discriminatory practices: (a) Defendants should be ordered to (i) prepare architectural plans remedying the violations identified by Plaintiff and to (ii) provide Plaintiff's counsel with those plans for review within 90 days after the entry of default judgment; (b) Plaintiff should be granted 30 days from receipt of Defendants' architectural plan to consent or to seek further relief from the Court; and (c) Defendants should be permitted to complete the necessary alterations within 60 days after either (i) Plaintiff consents to the architectural plans or (ii) any ruling on Plaintiff's request for further relief; and (2) Plaintiff should be granted 180 days after the entry of a default judgment to move for attorneys' fees and costs.

A copy of this Report and Recommendation is being electronically served on counsel.  This Court directs Plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendants and to file proof of service on ECF by July 23, 2024.

Copies shall be served at the following addresses:

BROADWAY & COOPER LLC
543 Bedford Avenue Suite 103
Brooklyn, NY 11201

ARMONDO'S PIZZA, INC.
1717 Broadway
Brooklyn, NY, 11207

24

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Reyes. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:      Brooklyn, New York          **SO ORDERED.**
          July 22, 2024

                                            */s/ Joseph A. Marutollo*
                                          JOSEPH A. MARUTOLLO
                                        United States Magistrate Judge