UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

No. 23-CV-07849 (RER) (JAM)

JOSEPH ROUSE

VERSUS

BROADWAY & COOPER LLC and ARMONDO'S PIZZA, INC.

**MEMORANDUM & ORDER**

**RAMÓN E. REYES, JR., District Judge:**

Joseph Rouse ("Plaintiff" or "Rouse") obtained a default judgment against Broadway & Cooper LLC and Armondo's Pizza, Inc. ("Defendants") when Defendants did not respond to his complaint, did not appear, and did not make any attempt to defend this action against them for violations of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12181, *et seq*. Now before the Court is Rouse's properly filed motion for attorney fees and costs. (ECF No. 20, "Mot."). Defendants still have not appeared, let alone opposed the motion. For the following reasons, Plaintiff's motion is granted in part, and Plaintiff is awarded $3187.50 in attorney's fees and $402 in costs.

## BACKGROUND

Familiarity with the facts and procedural history is presumed from Magistrate Judge Joseph A. Marutollo's Report and Recommendation (ECF No. 17), which this Court adopted on October 3, 2024. (ECF No. 19). In sum, Plaintiff filed this action on October 20, 2023, alleging structural barriers that hindered him from accessing

1

Defendants' pizza shop with his wheelchair. (ECF No. 1). After Defendants failed to respond to the complaint in any way, Plaintiff moved for default judgment on April 1, 2024, seeking injunctive relief as well as attorney's fees and costs. (ECF No. 15). The default judgment was entered and Plaintiff was granted the following relief: (1) Defendants were ordered to prepare architectural plans remedying the violations identified by Plaintiff and provide Plaintiff's counsel with those plans within 90 days, or by January 2, 2025; (2) Plaintiff was granted 30 days thereafter, or by February 2, 2025, to consent or to seek further relief from the Court; (3) Defendants were ordered to complete the necessary alterations within 60 days of either Plaintiff's consent to the architectural plans or a court order; and (4) Plaintiff was granted 180 days, or by March 31, 2025, to move for attorneys' fees and costs. (*See* ECF No. 17, 19). On March 31, 2025, Plaintiff timely moved for attorney's fees and costs and submitted a fee statement. (Mot.). Defendants remain in default and have not opposed the motion.

## DISCUSSION

I. <u>Attorney's Fees</u>

A district court has discretion to determine what constitutes a reasonable award of attorney fees and costs for a prevailing party in an ADA claim. 42 U.S.C. § 12205; *see Simmons v. New York City Transit Auth.*, 575 F.3d 170, 173 (2d Cir. 2009); *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014). This Circuit calculates a presumptively reasonable attorney's fee by determining a reasonable hourly rate, and hours reasonably expended on the litigation. *Hashimi v. CLMO, LLC*, No. 20-CV-1073 (DG), 2021 WL 3478174, at *5 (E.D.N.Y. July 19, 2021) *adopted by* 2021 WL 3472658 (E.D.N.Y. Aug. 6, 2021); *see also Kyros L. P.C. v. World Wrestling Ent.*, Inc., 78 F.4th 532, 547–549 (2d Cir.

2

2023). Such a calculation considers several factors, including "the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation and ability of the attorney, and awards in similar cases." *Hashimi v. Conandy Realty LLC*, No. 23-CV-2300 (LDH) (MMH), 2025 WL 914697, at *2 (E.D.N.Y. Mar. 26, 2025) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 186, n.3, 190 (2d Cir. 2008)). Plaintiff bears the burden of proving the requested fees are reasonable. *Id.* (citing *Savoie v. Merchs. Bank*, 166 F.3d 456, 463 (2d Cir. 1999)).

Here, Plaintiff seeks $6562.50 in fees and $2,879.50 in costs for a total of $9,441.79 associated with filing the complaint and obtaining a default judgment. (Mot. ¶12). In support, Plaintiff's counsel Maria-Costanza Barducci submitted a declaration with justification for an hourly rate of $525 for 12.5 legal hours, along with an "Attorney's Fees and Costs Statement" showing contemporaneous time records and an hourly rate of $125 for 3.1 administrative hours. (*Id.* ¶ 8; *Id.*, Ex. 1 at 3). Barducci affirms that she started her practice in 2014 and successfully "handled approximately 100 ADA cases on behalf of Mr. Rouse and several other [p]laintiffs" over her eight years of experience. (*Id.* ¶¶ 9–10). Counsel does not include receipts for costs listed on the billing statement, (*Id.*, Ex. 1 at 2) nor any detail regarding the nature of "further administrative fees from work conducted by [the] firm's staff." (*Id.* ¶12).

Having carefully reviewed Plaintiff's motion and supporting papers, the Court is not persuaded that the hourly rates and total expended hours are reasonable. Barducci's hourly rate of $545 exceeds: (1) the rate of $300 to $400 this district typically awards experienced attorneys in similar cases *Conandy Realty LLC*, 2025 WL 914697, at *3 (collecting cases); *Feltzin v. Union Mall LLC*, 393 F. Supp. 3d 204, 212 (E.D.N.Y. 2019);

3

(2) the $300 rate for legal hours she has been awarded in this district in almost identical cases *Conandy Realty LLC*, 2025 WL 914697, at *3; and (3) even the uncited range of "$400 to $500" she claims in her declaration for attorneys with similar experience. (Mot. ¶ 10).

Additionally, as in similar ADA claims in this district where Balducci previously obtained default judgments, the work is not "sufficiently complex to justify [her] requested rate." *Volman v. Peri Peri 2 LLC,* No. 21-CV-4449 (RPK) (RER), 2022 WL 21842356, at *7 (E.D.N.Y. Aug. 16, 2022), *adopted by Volman v. Peri Peri 2 LLC,* No. 21-CV-4449 (RPK) (RER) (E.D.N.Y. Aug. 31, 2022). Rather, the work to obtain default judgments of this nature is "relatively straightforward," raising "no novel or complex issues." *Grinblat v. H & 6 Assocs. Inc.*, 19-CV-2034 (LDH) (SMG), 2020 WL 7000347, at *3 (E.D.N.Y. July 10, 2020). This is demonstrated by a complaint and other filings that use "boiler plate language that is extremely similar to the language used" in many of the nearly 300 ADA complaints Barducci has filed in this district. *Id.*; *see, e.g.*, *Conandy Realty LLC*, 2025 WL 914697, ECF Nos. 1, 24; *CLMO, LLC*, 2021 WL 3478174, ECF Nos. 1, 10; *Rouse v. Jay St. Realty Assocs., L.P.*, 23-CV-6548 (FB) (MMH) (E.D.N.Y.), ECF Nos. 1, 14; *Rouse v. IDF Property Management LLC*, 24-CV-6663 (RER) (MMH) (E.D.N.Y.), ECF No. 1. Perhaps indicative of the boiler plate nature of this case, Barducci erroneously listed defendant names from other cases on the billing statement. (*See* Mot., Ex. 1 at 1) (billing for a review of summons to defendants other than the ones in this case). Any attempt to enforce the injunction is also notably absent from the billing statement. These factors, paired with a billing statement in which "some of the attorney's tasks were clerical ones normally performed by an administrative assistant or paralegal," permits the Court to "deduct a reasonable

4

percentage of the number of hours claimed." See *Conandy Realty LLC*, 2025 WL 914697, at *4; *see also, e.g.*, *Treyger v. First Class Furniture & Rugs Inc.,* No. 21-CV-2902 (EK) (RLM), 2022 WL 543026, at *9 (E.D.N.Y. Jan. 10, 2022), *adopted by* 2022 WL 541795 (E.D.N.Y. Feb. 23, 2022) (applying a forty percent reduction in number of hours in a similarly "non-complex ADA case"); *Hennessy by & through Hennessy v. 194 Bedford Ave Rest Corp.*, No. 21-CV-5434 (FB) (RML), 2022 WL 4134502, at *7 (E.D.N.Y. Aug. 8, 2022) (reducing number of hours by twenty five percent in a "relatively straightforward ADA case"); *Conandy Realty LLC*, 2025 WL 914697, at *4 (recommending a twenty percent reduction in hours for Barducci in a case that was "cookie-cutter and almost identical to other cases filed by plaintiff's counsel") (quoting *Chavez v. L2 Liu Inc.*, No. 20-CV-1388 (ENV) (LB), 2021 WL 7368670, at *2 (E.D.N.Y. Apr. 12, 2021) (quotations omitted).

The $125 hourly rate for administrative work is also excessive. This district commonly awards $75 for administrative hours such as the filing and printing time listed on Barducci's billing statement. (Mot., Ex. 1 at 1); *see Treyger*, 2022 WL 543026, at *8; *Grinblat*, 2020 WL 7000347, at *3. In fact, just last month Barducci received an award in this district based on a $75 hourly rate for administrative hours. *Conandy Realty LLC*, 2025 WL 914697, at *3.

When determining attorney's fees in these circumstances, the court may "(i) cut the number of hours billed, (ii) reduce the amount of the fee, or (iii) disallow the entire amount." *Volman v. Peri Peri 2 LLC,* 2022 WL 21842356, at *7 (citing *Shariff v. Beach 90th St. Realty Corp.*, No. 11-CV-2551 (ENV) (LB), 2013 WL 6835157 at *7 (E.D.N.Y. Dec. 20, 2013)) (quotations omitted). Accordingly, the Court reduces total number of hours by twenty percent and cuts the hourly rates, resulting in ten legal hours at an hourly rate of $300

5

(totaling $3000), and two and a half administrative hours at an hourly rate of $75 (totaling $187.50), for a total attorney's fees award of **$3187.50**.

II. Costs

Plaintiff also seeks "$2878.79 in costs, with further administrative fees from work conducted by this firm's staff." (Mot. ¶ 12). Plaintiff does not indicate what work was done by counsel versus the "firm's staff," nor provide receipts for costs associated with this litigation. (*Id.*, Ex. 1). "Courts in this district have rejected the award of costs without supporting documentation." *Feltzin*, 393 F. Supp. 3d at 219. Without such documentation, these costs are denied. However, the Court takes judicial notice of the paid filing fee on the docket and awards that cost of **$402**. (ECF No. 1); *See Volman v. Peri Peri 2 LLC*, 2022 WL 21842356, at *8 (awarding costs for a paid filing fee recorded on the docket) (citing *Feltzin*, 393 F. Supp. 3d at 219).

## CONCLUSION

For the reasons set forth above, Plaintiff's motion is granted in part. Plaintiff is awarded $3187.50 in attorney's fees and $402 in costs. The Clerk of the Court is respectfully requested to enter judgment and close this case.

SO ORDERED.

Hon. Ramón E. Reyes, Jr.  Digitally signed by Hon. Ramón E. Reyes, Jr.
Date: 2025.04.30 15:47:56 -04'00'

RAMÓN E. REYES, JR.
United States District Judge

Dated: April 30, 2025
     Brooklyn, NY

6